**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRITTANY WRIGHT, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. COPYRIGHT INFRINGEMENT |
| AMERICAN HEART ASSOCIATION, INC., a New York corporation; and Does 1-10, inclusive, | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff, Brittany Wright ("Wright"), hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101, *et seq.*

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3.      The Court has personal jurisdiction over Defendants and each of them are domiciled in this judicial district and/or because Defendants have purposefully directed their unlawful conduct to this judicial district.

4.      Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district and because Defendants and/or Defendants' agents reside in this judicial district.

## PARTIES

5.      Plaintiff, Wright, is an individual presently residing in New York.

6.      Upon information and belief, Wright alleges that the American Heart Association, Inc. ("AHA") is a New York corporation doing business in and with this judicial district including through its location at 10 East 40th Street, 11th Floor, New York, New York 10016.

7.      Defendants Does 1 through 10, inclusive, (collectively with AHA, "Defendants") are other parties not yet identified who have infringed Wright's copyrights, have contributed to the infringement of Wright's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual, or otherwise, are presently unknown to Wright, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.     Wright is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Wright's rights and the damages to Wright proximately caused thereby.

## CLAIMS RELATED TO WRIGHT'S PHOTOGRAPHY

9.     Wright is a well-known professional food photographer and stylist. She has worked collaboratively for brands such as Samsung, American Express, and Target, and her work has been featured in publications including *O, The Oprah Magazine*, *Conde Nast Traveler*, *Better Homes and Gardens*, and *Esquire*.

10.     Wright created the original photography depicted below ("Subject Photography"):

| SUBJECT PHOTOGRAPHY |
|---|
|  |

**COMPLAINT**

11.     Wright complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photography, which Wright has registered with the United States Copyright Office.

12.     Prior to the acts complained of herein, Wright widely publicly displayed and disseminated the Subject Photography, including on her social media profiles and her 2017 publication, *Feast Your Eyes*.

13.     The Subject Photography has been routinely published and displayed with attribution information and credit identifying Wright as the author and owner of the photography.

14.     Wright is informed and believes and thereon alleges that following her publication and display of the Subject Photography, Defendants, and each of them, used the Subject Photography without Wright's authorization for commercial purposes, including, but not limited to, sharing the Subject Images on AHA's professional social media platforms ("Infringing Content").

15.     Non-inclusive true and correct exemplars of Defendants' Infringing Content are depicted below:

///

///

///

## INFRINGING CONTENT





**COMPLAINT**





**COMPLAINT**



**COMPLAINT**



**COMPLAINT**



**COMPLAINT**





**COMPLAINT**



**COMPLAINT**







**COMPLAINT**



**COMPLAINT**







**COMPLAINT**



**COMPLAINT**



**COMPLAINT**



**COMPLAINT**







**COMPLAINT**



**COMPLAINT**



**COMPLAINT**



**COMPLAINT**



**COMPLAINT**



16.     Upon information and belief, Wright alleges that Defendants, and each of them,

had access to the Subject Photography, including through Wright's online profiles and features,

online publications and press featuring Wright's work, Wright's social media accounts and website, and/or through viewing the Subject Photography on third-party websites (e.g., X, Instagram, Pinterest, Facebook, internet search engines, etc.).

17.    Wright has not in any way authorized Defendants to exploit the Subject Photography.

18.    On or around October 21, 2024, Wright sent a letter to AHA, informing the company of its infringements and demanding that it cease and desist all uses of the Subject Photography. Plaintiffs and AHA have failed to reach a reasonable agreement resolving the matter, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

19.    Wright repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

20.    Upon information and belief, Wright alleges that Defendants, and each of them, accessed the Subject Photography by, without limitation, through (a) viewing the Subject Photography in Wright's publication *Feast Your Eyes*, (b) viewing the Subject Photography online in Wright's website and social media profiles, and (c) viewing the Subject Photography through a third-party, including as they appear on social media platforms and internet search engines. Access is additionally evidenced by the exact reproduction of the Subject Photography in the Infringing Content.

21.    Upon information and belief, Wright alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photography online for commercial benefit, including without limitation as depicted in the screen captures depicted above.

22.    Upon information and belief, Wright alleges that Defendants, and each of them, infringed her copyrights by directly copying the Subject Photography and publishing same to the public for commercial benefit.

23.    Due to Defendants', and each of their, acts of infringement, Wright has suffered general and special damages in an amount to be established at trial.

24.    Wright is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

25.    Wright repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

26.    Upon information and belief, Wright alleges that Defendants knowingly induced, participated in, aided and abetted in and benefited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third parties for further publication.

27.     Wright alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the posting and sharing of the Infringing Content, and were able to supervise the publication and distribution of the Infringing Content.

28.     Due to Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Wright has suffered general and special damages in an amount to be established at trial.

29.     Upon information and belief, Wright alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Wright's copyrights in the Subject Photography, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photography from any print, web, or other publication or account owned, operated, or controlled by any Defendant.

2. That Wright be awarded all losses of Wright, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

3. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Wright's intellectual property rights;

4. That Wright be awarded her attorneys' fees as available under the Copyright Act U.S.C. § 505;

5. That Wright be awarded her costs and fees;

6. That Wright be awarded statutory and enhanced damages;

7. That Wright be awarded pre-judgment interest as allowed by law; and,

8. That Wright be awarded further legal and equitable relief as deemed proper.

## **JURY DEMAND**

Wright demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.


Dated: October 28, 2025                     Respectfully submitted,

                                            DONIGER / BURROUGHS

                        By:    */s/ Scott Alan Burroughs*
                               Scott Alan Burroughs, Esq.
                               David M.S. Jenkins
                               247 Water Street, First Floor
                               New York, New York 10038
                               (310) 590-1820
                               scott@donigerlawfirm.com
                               djenkins@donigerlawfirm.com

*Attorneys for Plaintiff*

**COMPLAINT**